

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

April 17, 2017

<u>Via ECF</u>
The Honorable Victor Marrero
United States District Judge
Southern District of New York
New York, New York 10007

      Re:    <u>United States v. Baktash Akasha Abdalla, *et al.*,</u>
             S5 14 Cr. 716 (VM)

Dear Judge Marrero:

      The Government respectfully submits this letter concerning a possible conflict of interest presented by the continued representation of defendant Vijaygiri Anandgiri Goswami by Bruce A. Barket. The possible conflict arises out of Mr. Barket's communications with co-defendant Baktash Akasha Abdalla ("Abdalla") prior to being retained by Goswami. For the reasons set forth below, the Government respectfully submits that a *Curcio* inquiry is warranted. Enclosed for the Court's consideration is a list of questions intended to guide this inquiry.

## BACKGROUND

      On January 31, 2017, the four defendants charged in Superseding Indictment S5 14 Cr. 716 (VM)—including Goswami and Abdalla—were presented and arraigned by the Honorable Katharine H. Parker, Magistrate Judge, pursuant to Your Honor's referral. Daniel Arshack appeared on behalf of Goswami as retained counsel at the proceeding.

      On February 27, 2017, Mr. Barket entered a notice of appearance on behalf of Goswami after Mr. Arshack notified the Government that he intended to withdraw due to a conflict of interest that the Government understands to be unrelated to the conflict presently faced by Mr. Barket. The substitution was approved by the Court on March 7, 2017, at a change-of-counsel proceeding conducted by the Honorable Ronald L. Ellis, Magistrate Judge, pursuant to Your Honor's referral.

On April 14, 2017, Jeffrey Pittell, counsel for Abdalla, informed the Government that Mr. Barket previously communicated with Abdalla about potentially representing him in this case. Mr. Pittell indicated that Abdalla conveyed confidential information to Mr. Barket during those communications.[1] Also on April 14, the Government asked Mr. Barket to confirm whether he had communicated with Abdalla, without disclosing the substance of any such communications. Mr. Barket responded that he was "not in position to discuss the issue you raised at this time."

## **APPLICABLE LAW**

The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel, which includes "the right to representation by conflict free counsel." *United States* v. *Schwarz*, 283 F.3d 76, 90 (2d Cir. 2002).

District courts have two separate obligations where there is a possible conflict of interest. First, the district court has an "inquiry obligation" when it is apprised of the possibility of a conflict of interest, pursuant to which it must "investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." *United States* v. *Levy*, 25 F.3d 146, 153 (2d Cir. 1994). Second, if the district court finds that the defendant's attorney faces an actual or potential conflict, a "disqualification/waiver" obligation arises, pursuant to which the court must either: (i) disqualify the attorney if the conflict is sufficiently severe, or (ii) if the conflict may be waived, conduct a *Curcio* hearing to advise the defendant of the ramifications of the conflict and obtain a waiver of any conflict from the defendant.

At the "inquiry" stage, the Court must evaluate whether there is a potential, actual, or *per se* conflict. *See Armienti v. United States*, 313 F.3d 807, 810 (2d Cir. 2002) (describing types of conflicts). "An attorney has a potential conflict of interest if 'the interests of the defendant may place the attorney under inconsistent duties at some time in the future.'" *United States* v. *Perez*, 325 F.3d 115, 125 (2d Cir. 2003) (quoting *United States* v. *Klitti*, 156 F.3d 150, 153 n.3 (2d Cir. 1998)). At the "disqualification/waiver" stage, conflicts "such as an attorney's representation of two or more defendants or his prior representation of a trial witness, are generally waivable." *United States* v. *Perez*, 325 F.3d at 125; *see also United States* v. *Stein*, 410 F. Supp. 2d 316, 328 (S.D.N.Y. 2006) (noting that one of the factors the Second Circuit has considered "in determining whether a conflict can be waived" is "whether, if the conflict concerns the interests of another client, the attorney's relationship with the other client is continuing or has been terminated").

---

[1] Mr. Pittell has informed the Government that he is of the view that whenever an attorney speaks to a potential client, those communications are confidential and protected by the attorney-client privilege. *E.g.*, *In re Bonanno*, 344 F.2d 830, 833 (2d Cir. 1965) ("[A]n attorney-client relationship arises when legal advice of any kind is sought from a professional legal adviser in his capacity as such."). However, Mr. Pittell presently takes no position regarding whether the communications between Abdalla and Mr. Barket gave rise to an actual attorney-client relationship. The Government respectfully submits that this is one of the issues that should be addressed through the Court's inquiry into the possible the conflict.

Because "such a conflict might require a defendant to abandon a particular defense or line of questioning," the defendant should be offered an opportunity to "seek the legal advice of independent counsel and make an informed judgment that balances the alteration in the trial strategy against the perceived effect of having to get a new and perhaps less effective defense counsel." *Id.* (quoting *United States* v. *Fulton*, 5 F.3d 605, 613 (2d Cir. 1993)). If the defendant "can rationally opt to retain counsel of his choice despite a conflict, the court conduct[s] a *Curcio* hearing to determine whether the defendant knowingly and intelligently waives his right to conflict-free representation." *Id.*

Finally, even where a defendant is willing to waive a conflict, "[t]he district court retains the discretion to reject that waiver if the attorney's conflict jeopardizes the integrity of the judicial proceedings." *United States* v. *Jones*, 381 F.3d 114, 120 (2d Cir. 2004).

## DISCUSSION

Although the nature and extent of the possible conflict is not entirely clear at this point, the current situation appears to present a potential conflict rather than one that is actual or *per se*. Depending on whether Abdalla conveyed confidential information to Mr. Barket, and the substance of that information, Abdalla may be in a position to claim that the communications are subject to the attorney-client privilege. *E.g.*, *United States* v. *Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) ("The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of *obtaining* or providing legal advice." (emphasis added)). "The right to loyal counsel who will maintain the confidentiality of communications and not take any materially adverse position to his former client in substantially related matters survives both the active representation of the client and the vagaries of his counsel's recollection." *United States* v. *Monzon*, Nos. 13 Civ. 1943 (DLC), *et ano.*, 2013 WL 4804095, at *4 (S.D.N.Y. Sept. 9, 2013). New York Rule of Professional Conduct 1.9 will likely be relevant at the "inquiry" and, if necessary, "disqualification/waiver" stages of the Court's analysis. *See id.* at *3 (finding that Rule 1.9 "addresses the type of conflict-of-interest question presented here, and can provide guidance"). Rule 1.9 provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

N.Y. Rules of Prof'l Conduct 1.9 (emphasis added). Thus, it may be necessary for Mr. Barket to obtain informed written consent from Goswami and Abdalla, at least for purposes of the New York Rules of Professional Conduct. And compliance with Rule 1.9 may also be relevant to the Court's exercise of discretion to protect the integrity of these proceedings.

Hon. Victor Marrero Page 4
April 17, 2017

      Accordingly, the Government respectfully requests that the Court conduct a hearing to make inquiries into the nature of the possible conflict of interest faced by Mr. Barket, and, if appropriate, to determine whether Goswami and/or Abdalla are willing to make waivers sufficient to permit Mr. Barket to continue to represent Goswami.

                                                  Respectfully submitted,

                                                  PREET BHARARA
                                                  United States Attorney

                                 By:   _____
                                                  Emil J. Bove III
                                                  Amanda L. Houle
                                                  Michael D. Lockard
                                                  Patrick Egan
                                                  Assistant United States Attorneys
                                                  (212) 637-2444

Enclosure

Cc:     Defense Counsel
         (Via ECF)

Proposed *Curcio* Examination

<u>United States</u> v. <u>Baktash Akasha Abdalla, *et al.*,</u>
S5 14 Cr. 716 (VM)

I. **Introductory Questions To Establish Competence**

- Age

- Education

- Any current medications

- Any use of alcohol, drugs, or medications within past 24 hours

- Is anything interfering with your ability to understand what is happening here today?

II. **Possible Conflict Of Interest Posed By Bruce Barket's Representation**

- Are you satisfied with the services of Bruce Barket thus far in the case?

- Has Mr. Barket informed you that, prior to you retaining him, he communicated with Baktash Akasha Abdalla, one of your co-defendants, regarding this case?

- Do you understand that the fact that Mr. Barket communicated with Abdalla may put him in a position where his duty to Abdalla conflicts with his duty to you?

- The potential conflict could affect the way that Mr. Barket considers and advises you about:

    o Whether, and when, you should plead guilty;

    o Whether you should seek to cooperate with the Government;

    o What defenses you should raise;

    o Whether you should proceed to trial;

    o Whether you should testify at trial;

    o Which witnesses should be cross-examined, and what questions they should be asked;

    o Which witnesses to call, and what other evidence to offer on your behalf;

- - o What arguments to make on your behalf to the jury;

  - o What arguments to make to the Court, and what facts to bring to the Court's attention, before trial, during trial, or at your sentencing.

- Let me expand on some of those examples.

  - o Do you understand that Mr. Barket may not wish to take positions in this case before trial, during trial, or at sentencing that are critical of Baktash Akasha Abdalla, even if criticizing him might help your defense?

  - o Do you understand that Mr. Barket may not vigorously cross-examine Abdalla, should he testify against you, if he believes that such cross examination may be harmful to the interests of Abdalla?

  - o Are you aware that Mr. Barket may have learned information from Abdalla that may be helpful in defending you, but that he is absolutely prohibited from using it to defend you because of the attorney-client privilege?

  - o Do you understand each of these examples?

- Please describe to me in your own words the potential conflict of interest arising in this situation.

- Do you understand that the greatest danger to you in this situation is the inability to foresee all of the possible conflicts that might arise because of Mr. Barket's prior representation of Baktash Akasha Abdalla, on the one hand, and his representation of you, on the other?

- Do you understand that the potential conflict has existed throughout the entirety of the time that Mr. Barket has represented you?

III. **The Right To Conflict-Free Representation**

- Do you understand that, in every criminal case, including this one, the defendant is entitled to the assistance of counsel whose loyalty to him is undivided, and who is not subject to any factor that might in any way intrude upon an attorney's loyalty to his interests?

- In other words, do you understand that you are entitled to an attorney who has only your interests in mind, and not the interests of any other client?

- Have you received any inducements, promises or threats with regard to your choice of counsel in this case?

- Do you understand that you have a right to consult with an attorney free from any conflict of interest about this issue, and that the Court will give you an opportunity to do that if there is any aspect of the information that I have conveyed to you today that you wish to discuss with a conflict-free attorney?

- The Court is prepared to adjourn the remainder of this proceeding so that you may consult with an attorney other than Mr. Barket about the potential conflict of interest that I have described to you today.  In addition, the Court can appoint an attorney for you to consult on this matter if you cannot afford one.  Would you prefer to adjourn until you can give more thought to this matter?

IV.   **Continuation Of *Curcio* Hearing**

- After considering all that I have said today about the ways in which Mr. Barket's prior representation of Baktash Akasha Abdalla may adversely affect your defense, do you believe that it is in your best interest to continue with him as your attorney?

- Is that your wish?

- Do you understand that by choosing to continue with Mr. Barket as your attorney, you are waiving your right to be represented solely by an attorney who has no conflict of interest?

- Are you knowingly and voluntarily waiving your right to conflict-free representation?

- Do you agree to waive any post-conviction argument, on appeal or otherwise, that by virtue of Mr. Barket's representation of Baktash Akasha Abdalla, you were denied effective assistance of counsel by Mr. Barket?

- Is there anything that I have said that you wish to have explained further?